IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN LEWIS GERHOLT,
       Plaintiff,
   v.                                    : Case No. 3:13-cv-53-KRG-KAP
BEDFORD COUNTY, PENNSYLVANIA,
       Defendant

Order, Report and Recommendation

Order and Recommendation

Plaintiff Gerholt, an inmate at S.C.I. Graterford, has filed a civil complaint against Bedford County. After screening the complaint under 28 U.S.C.§ 1915A, I recommend that the complaint be dismissed for failure to state a claim. 28 U.S.C.§ 1915(e)(2)(B). The case is consolidated under Fed.R.Civ.P. 42(a) with Gerholt v. Orr, Case No. 3:13-cv-7-KRG-KAP (W.D.Pa.). Plaintiff is given leave to file any amendment or objection at Gerholt v. Orr, Case No. 3:13-cv-7-KRG-KAP (W.D.Pa.).

Report

This is a companion case to Gerholt v. Orr, Case No. 3:13-cv-7-KRG-KAP (W.D.Pa.). Gerholt was housed at the Bedford County Prison from his arrest by troopers of the Pennsylvania State Police on November 9, 2008, until his transfer to the state prison system on September 11, 2012. Gerholt alleges that on May 15, 2012, Warden Donald Orr yelled at Gerholt, poked him in the chest, and put his hands around Gerholt's throat, choking him, because Orr was upset that Gerholt had written to the Pennsylvania State Police and to the Bedford County District Attorney "to get help locating his stolen property." What the property was, who stole it, how Orr

knew about the letters, and why Orr would care, are not explained. Orr allegedly told Gerholt that if Gerholt did not stop writing letters Orr would cause Gerholt to spend the rest of his life in prison. Almost immediately after this incident Gerholt wrote to the State Police and to the Bedford County commissioners to complain about Orr.

The improper use of force by a state official can violate the civil rights of an individual if the force used was "malicious or sadistic," regardless of the extent of injury. See Wilkins v. Gaddy, 130 S.Ct. 1175 (2010), approving inter alia Smith v. Mensinger, 293 F.3d 641 (3d Cir.2002). Nevertheless, the extent of injury suffered is one factor that objectively indicates how much force was applied, and that objective evidence may suggest whether the use of force could plausibly be regarded as either unnecessary or excessive. Wilkins v. Gaddy; Smith v. Mensinger, 293 F.3d at 648-49. See also Hudson v. McMillian, 503 U.S. 1 (1992); Hope v. Pelzer, 536 U.S. 730, 738 (2002). Some injury beyond transitory discomfort is necessary. Our Court of Appeals notes that the de minimis use of force does not violate the Eighth Amendment, or the analogous guarantees of the Fourth and Fourteenth (the latter of which is applicable to plaintiff as a pretrial detainee) because:

There exists some point at which the degree of force used is so minor that a court can safely assume that no reasonable person could conclude that a corrections officer acted maliciously and sadistically.

Reyes v. Chinnici, 54 Fed.Appx. 44, 48 (3d Cir.2002)(affirming summary judgment in favor of a corrections officer who, a jury could have found, punched a handcuffed prisoner.) In Burr v. Hasbrouck Heights Police Dept. 131 Fed.Appx. 799, 803 (3d Cir.2005), the Court of Appeals likewise observed, in affirming the grant of summary judgment in favor of defendants on a plaintiff's Fourth Amendment claim that police officers who arrested her used unreasonable force:

[E]ven viewing the facts and reasonable inferences therefrom in Burr's favor, it is fair to say that the Officers observed her running towards the door, and then, to prevent her from fleeing, grabbed her arms and put her on a stretcher. Id. As a result, her arms received some "small bruises." These facts do not suggest that the amount of force used was objectively unreasonable. Accordingly, [defendant officers] did not violate Burr's rights by forcibly restraining her.

That the use of force is not unreasonable even if less forceful methods may have served equally well is underscored in James v. York County Police Dept., 160 Fed.Appx. 126, 134 (3d Cir.2005), cert. denied, 549 U.S. 897 (2006). The Court of Appeals affirmed the grant of summary judgment to police officers in James because a lack of injury contradicted a Fourth Amendment claim of excessive force. This was so despite the Court of Appeals' assuming for purposes of argument that, in the course of the routine arrest of plaintiff while he was picking up a suspected package of narcotics at a mailbox rental company, one police defendant **deliberately hit the plaintiff with a police van** to block his escape, and other

officers threw him to the ground, roughly stepped on him, and handcuffed him. Id. at 129, 134.

Here, plaintiff alleges unprofessional behavior on the part of Warden Orr. For plaintiff to call it a "vicious attack" is a conclusion of law, not an allegation of fact. There was no use of force sufficient to constitute a deprivation of Gerholt's civil rights.

It may be that having Gerholt seeks to pursue the retaliation cause of action. See Rauser v. Horn, 241 F.3d 330, 334 (3d Cir.2001); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003) Writing public officials about one's stolen property is protected activity. However, the second element of a retaliation claim is lacking: Orr's alleged use of force against Gerholt, insufficient as it is to present a colorable claim under the Fourteenth Amendment, is not adverse action sufficient to deter an inmate "of ordinary firmness" from persisting in his litigation activities. Nor, by Gerholt's very allegations, did Orr's threat deter him in the least: he alleges that within days he had even more letters and complaints going out. The Court of Appeals should use this matter to re-visit Rauser and Mitchell and require a realistic threshold for adverse action. Better would be to require an allegation that the inmate plaintiff actually was deterred from some protected activity. Since the theoretical justification for the retaliation body of law is to ensure inmate access to courts, it plainly makes

4

no sense to allow inmates to claim they are injured when they do not in fact suffer even a moment's pause, much less impairment of their access to court.

The third element of the retaliation claim, that the plaintiff's protected activity "caused" the defendant's adverse action, is also lacking. Causation can hardly be assumed: inmates sue prisons and guards many times every day. They file internal grievances and write letters to public officials even more often. That a warden or any other corrections official would be inflamed by letter writing is a legal fiction believed almost exclusively by inmates and new law clerks. This case is a perfect illustration. Gerholt stalked and shotgunned to death his estranged wife at point blank range. After housing Gerholt for three and a half years without alleged incident, Orr was nevertheless so inflamed by Gerholt's contacting the very persons seeking the death penalty against Gerholt that Orr claimed that if Gerholt didn't stop writing letters, Orr "would personally see to it that [Gerholt] would spend the rest of his life in prison, whether he was guilty or not." Gerholt's account would be laughable if there were anything laughable about the waste of judicial resources this matter represents.

Which brings me to a last point. This is a suit against Bedford County, seeking $3.5 million for Orr's alleged actions. Gerholt has alleged none of the elements necessary for municipal

liability. Gerholt alleges no loss that would occasion compensatory damages, and punitive damages are not available. City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981). My previous recommendation that the complaint against Orr be dismissed is pending before Judge Gibson. There is no benefit whatsoever, not even to Gerholt, in compounding the waste two open civil actions would represent.

Under Fed.R.Civ.P. 42(a), this complaint is therefore dismissed purely as a housekeeping matter, and all proceedings are consolidated at Gerholt v. Orr, Case No. 3:13-cv-7-KRG-KAP (W.D.Pa.). Gerholt should file any amended complaint or objections at the earlier civil action.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. If plaintiff wishes to file an amended complaint or objections, he must do so at Gerholt v. Orr, Case No. 3:13-cv-7-KRG-KAP (W.D.Pa.). The Clerk can mark this matter closed.

DATE: March 12, 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    John L. Gerholt KR-8142
    S.C.I. Graterford
    P.O. Box 244
    Graterford, PA 19462